Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL VI

| | | |
|---|---|---|
| IDALIA DEL CARMEN RULLÁN FERNÁNDEZ<br><br>Parte Apelada<br><br>v.<br><br>ALBERTO III RULLÁN FERNÁNDEZ CARLOS ALBERTO RULLÁN FERNÁNDEZ DAISY FERNÁNDEZ RIVERA<br><br>Parte Apelante | TA2025AP00622 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.:<br>UT2018CV00292<br><br>Sobre:<br>LIQUIDACIÓN DE COMUNIDAD HEREDITARIA |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 16 de enero de 2026.

Comparece el señor Alberto III Rullán Fernández (parte apelante), mediante un recurso de apelación, y nos solicita la revisión de una *Resolución y Orden* emitida el 6 de noviembre de 2025 y notificada el 7 de noviembre de 2025[1] por el Tribunal de Primera Instancia, Sala Superior de Utuado. Mediante dicho dictamen, el foro primario declaró No Ha Lugar una *Moción de Reconsideración* presentada el 15 de octubre de 2025[2] por la parte apelante, y confirmó una *Orden* emitida el 10 de octubre de 2025 y notificada el 14 de octubre de 2025,[3] en la cual ordenó el pago de setecientos cincuenta dólares ($750.00) al Licenciado Pedro Landrau (Lcdo. Landrau) por servicios profesionales brindados a Garaje Rullán Inc.

Por recurrirse de una resolución interlocutoria, se acoge como un recurso de *certiorari* y se conserva la identificación alfanumérica original asignada al recurso por la Secretaria del Tribunal de Apelaciones.[4]

---

[1] Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Primera Instancia (SUMAC TPI-UT2018CV00292), a la Entrada Núm. 938.

[2] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 940.

[3] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 939.

[4] El Art. 4.006 de la Ley Núm. 201–2003, *Ley de la Judicatura de 2003,* dispone, en lo pertinente al recurso ante nuestra consideración, que **el Tribunal de Apelaciones tiene competencia** para atender los siguientes asuntos: "(a) Mediante recurso de apelación de toda sentencia **final** dictada por el Tribunal de Primera Instancia [;] (b) Mediante el auto

Adelantamos que, se deniega la expedición del auto de *certiorari*.

**I**

El 21 de diciembre de 2018, la señora Idalia del Carmen Rullán Fernández (la parte apelada) incoó una *Demanda*[5] sobre liquidación de comunidad de bienes hereditaria, la cual fue enmendada posteriormente,[6] contra el señor Alberto III Rullán Fernández (la parte apelante), el señor Carlos Alberto Rullán Fernández (el codemandado) y la señora Daisy Fernández Rivera (la codemandada). Expresó que entre las partes existía una comunidad de bienes adquiridos por herencia del señor Alberto Rullán Mayol y la señora Joaquina Bayrón Rodríguez.[7] Manifestó que deseaba disolver dicha comunidad hereditaria y realizar la correspondiente adjudicación de bienes. Añadió que su interés se limitaba a que se liquidaran y adjudicaran los bienes de la comunidad hereditaria recibidos de su abuelo, el señor Alberto Rullán Mayol, y su abuela, la señora Joaquina Bayrón Rodríguez. A tenor, solicitó que se realizara un inventario, tasación y avalúo de todos los bienes de la mencionada comunidad, así como la partición y adjudicación de esta.

Posteriormente, el 9 de abril de 2019, el apelante y el codemandado comparecieron mediante *Contestación a Demanda Enmendada*.[8] En síntesis, negaron varias de las alegaciones en la demanda, pero coincidieron con la apelada en que no deseaban permanecer en la comunidad de bienes en cuestión. Plantearon que procedía un inventario y avalúo exhaustivo de todos los activos y pasivos que formaban parte del caudal hereditario. De igual forma, en su contentación instaron una *Reconvención* en la cual argumentaron que existían deudas o pasivos que debían ser objeto de división. Por su parte, la señora Daisy Fernández Rivera presentó *Contestación a Demanda Enmendada*[9] el 15 de abril de

---

de *certiorari* expedido a su discreción, de cualquier **resolución u orden** dictada por el Tribunal de Primera Instancia; […]. 4 LPRA sec. 24y. (Énfasis nuestro.)

[5] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 1.
[6] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 18.
[7] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 1, Anejos 6 - 8.
[8] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 20.
[9] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 21.

2019. Asimismo, incluyó su Reconvención en torno a la división de bienes y pasivos.

Acaecidos varios incidentes procesales innecesarios pormenorizar, el 19 de marzo de 2024, el Tribunal de Primera Instancia emitió y notificó una *Resolución*[10] en la cual nombró a CV Management Corp., a través del señor Carlos Maldonado Serrano (en adelante el administrador judicial), como el administrador judicial con respecto a la comunidad hereditaria del caso de epígrafe mientras se dilucidaba la partición de los bienes hereditarios. En la misma, el foro primario enumeró los poderes y deberes del administrador judicial en cuanto a la administración de los negocios Estación de Gasolina Garaje Rullán, Inc. (en adelante la corporación) y la Estación de Inspección, los cuales son parte del caudal hereditario según surge de la mencionada resolución. En lo pertinente, algunos de los poderes otorgados al administrador judicial mediante la precitada resolución fueron, a saber: (a) realizar gestiones relacionadas a dichos negocios ante toda Agencia del Gobierno, División, Tribunal de Justicia, Departamento, Oficina y/o Municipio del Estado Libre Asociado de Puerto Rico; […] y (g) realizar **los acuerdos que estime convenientes con respecto al pago de honorarios**, aranceles y contribuciones debidas por Garaje Rullán y/o la Estación de Inspección, entre otros.[11] (Énfasis nuestro).

Posteriormente, el 23 de diciembre de 2024, el codemandado Carlos Rullán Fernández radicó una *Querella*[12] contra Garaje Rullán Inc. por despido injustificado bajo la Ley Núm. 80 de 30 de mayo de 1976, 29 L.P.R.A. sec. 185ª *et seq.*, de la cual se emplazó a la señora Daisy Fernández Rivera, como Agente Residente y presidenta de la corporación. Esta controversia se inició en el Tribunal de Primera Instancia, Sala Superior de Ponce, bajo el caso con alfanumérico PO2024CV03645. En su petitorio manifestó que el administrador judicial lo despidió

---

[10] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 595.
[11] *Id.*
[12] SUMAC TPI-UT2018CV00292, a la Entrada Núm.794, Anejo 1.

injustificadamente de sus funciones como administrador del garaje en la fecha del 3 de marzo de 2024. A tenor, solicitó al foro primario que ordenase a la corporación a realizar el pago de la cuantía calculada por los años de servicio, adicional al pago del veinticinco porciento (25%) en honorarios de abogado.

Conforme a lo anterior, el 4 de febrero de 2025, la parte apelada compareció mediante *Moción Urgente.*[13] En la misma, alegó que tanto la parte apelada como el administrador judicial advinieron en conocimiento el 4 de febrero de 2025 sobre la Querella presentada por el codemandado, mediante una carta recibida por correo regular y dirigida al Garaje Rullán. Enfatizó que, tanto el señor Carlos Rullán como la señora Daisy Fernández, ocultaron la información del mencionado caso al Tribunal y a las partes. Adujo que, por tal razón, no pudo contestarse la demanda y el Tribunal anotó una Rebeldía contra la corporación. Solicitó al foro primario que, entre otras cosas, ordenase de forma urgente la contratación de representación legal para el Garaje Rullán, y que esta fuese sufragada con el dinero de la corporación.

Por su parte, el administrador judicial compareció el 5 de febrero de 2025 mediante *Informe del Administrador Judicial de Garaje Rullán para el Mes de Octubre de 2024.*[14] Concurrió con la parte apelada en que recibieron una correspondencia dirigida al Garaje Rullán el 3 de febrero de 2025, referente al caso PO2024CV03645. Sostuvo, además, que desconocía a quien se le había diligenciado el emplazamiento en nombre de Garaje Rullán, razón por la cual no tuvo conocimiento de los pormenores de la demanda hasta la recepción de la mencionada comunicación. Adjuntó a su escrito la *Orden*[15] en la que se le notificaba sobre la anotación de rebeldía contra la corporación.

Posteriormente, mediante *Orden*[16] emitida y notificada el 5 de febrero de 2025, el foro primario ordenó, entre otras cosas, que el

---

[13] SUMAC TPI-UT2018CV00292, a la Entrada Núm.794.
[14] SUMAC TPI-UT2018CV00292, a la Entrada Núm.796.
[15] *Id.*, al Anejo 1.
[16] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 799.

administrador judicial compareciera en representación de Garaje Rullán a la vista señalada para el caso PO2024CV03645. A su vez, autorizó al administrador judicial a comparecer y suscribir el contrato de servicios profesionales para la representación legal de Garaje Rullán con los licenciados Héctor Cortés Babilonia y Pedro Joel Landrau López. Subsiguientemente, mediante *Orden*[17] el 18 de febrero de 2025, el foro primario ordenó al administrador judicial expedir el pago de mil doscientos dólares ($1,200) a favor del licenciado Pedro Landrau López por sus servicios en el caso POV2024CV03645.

Así las cosas, el 18 de febrero de 2025, la parte apelante compareció mediante *Moción en Cumplimiento de Orden y en Solicitud de Reconsideración*.[18] Arguyó que, en cuanto al caso PO2024CV03645, el administrador judicial estaba impedido de contratar, a favor de la corporación, a un abogado particular para que atendiera un reclamo laboral en que la corporación no era parte formal. Sostuvo que eran los directivos de la corporación los que debían tener la potestad para decidir quién sería el abogado que habría de representar los mejores intereses corporativos, y determinar quién habría de ser la persona autorizada a recibir los emplazamientos, entre otras cosas. A tenor, solicitó al foro primario que reconsiderase y revocase la orden emitida el 5 de febrero de 2025 donde autorizó, a petición del administrador judicial, que se contratase a un abogado para que representase a la corporación Garaje Rullán Inc., por entender que dicha entidad no era parte en el caso.

Mas adelante, el 10 de octubre de 2025, compareció el administrador judicial mediante *Moción Informativa*.[19] En la misma, alegó haber solicitado la emisión de un cheque por la cantidad de setecientos cincuenta dólares ($750.00) a nombre del licenciado Pedro Landrau, y que dicha solicitud fue rechazada por la parte apelante. De conformidad, el foro primario mediante *Orden*[20] emitida y notificada en esa misma fecha, ordenó

---

[17] SUMAC TPI-UT2018CV00292, a la Entrada Núm.812.
[18] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 813.
[19] SUMAC TPI-UT2018CV00292, a la Entrada Núm.936.
[20] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 938.

a la parte apelante a proceder con el pago de los honorarios del licenciado Landrau según solicitado por el administrador judicial en un término de quince (15) días.

Inconforme, la parte apelante compareció el 15 de octubre de 2025 mediante *Moción en Solicitud de Reconsideración.*[21] Entre sus alegaciones, sostuvo que la corporación no había sido emplazada conforme a derecho y que, como presidente de dicha corporación, nunca había sido consultado ni contactado por el Lcdo. Landrau. Añadió que no le reconocía méritos a la defensa presentada por el licenciado ya que, a su juicio, el codemandado había sido despedido de su posición sin que dicho despido se realizara conforme a derecho. A tenor, solicitó al foro primario que reconsiderase y dejase sin efecto la orden emitida.

A la luz de lo anterior, la apelada expresó su conformidad con la orden emitida por el tribunal en la que exigió el pago de honorarios a la representación legal por parte de la corporación mediante *Moción en Cumplimiento de Orden del 23 de octubre de 2025.*[22] Mientras que la codemandada, mediante *Moción en Cumplimiento de Orden*[23] presentada el 29 de octubre de 2025, expresó su oposición a la orden del tribunal, apoyando las alegaciones de la parte apelante en su solicitud de reconsideración.

Dado lo anterior, el Tribunal de Primera Instancia emitió y notificó una *Orden y Resolución*[24] el 7 de noviembre de 2025. Mediante su dictamen, el foro primario concluyó que el administrador judicial, en virtud de los deberes y poderes que le fueron delegados mediante la Resolución del 18 de marzo de 2024, contaba con las facultades para contratar y realizar pagos a la representación legal en los asuntos concernientes a la corporación. Añadió que dicha corporación era parte del caudal hereditario objeto de la causa de acción, por lo tanto, el tribunal tenía injerencia sobre

---

[21] SUMAC TPI-UT2018CV00292, a la Entrada Núm.940.
[22] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 945.
[23] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 947.
[24] SUMAC TPI-UT2018CV00292, a la Entrada Núm. 951.

ella. A tenor, declaró *No Ha Lugar* la solicitud de reconsideración según presentada.

Inconforme con el dictamen, la parte apelada acude ante nos mediante el *Escrito de Apelación*[25] y nos señala la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al interpretar que las facultades delegadas al administrador judicial le permitían intervenir en la gobernanza de Garaje Rullán, Inc., contratar representación legal, y obligar a la corporación al pago de honorarios por un litigio generado por actuaciones ultra vires que la Junta de Directores había rechazado como innecesario, improcedente y contrario al mejor interés corporativo.
>
> Erró el Tribunal de Primera Instancia al sostener que Garaje Rullán, Inc. no requería ser emplazada o escuchada porque estaba "bajo tutela judicial".
>
> Erró el Tribunal de Primera Instancia al pasar por alto la violación ética del Lcdo. Pedro Landrau, quien rindió informes y aceptó instrucciones del administrador judicial en lugar de su cliente real: la Junta de Directores de Garaje Rullán, Inc.

El 10 de diciembre de 2025, emitimos una *Resolución* otorgándole a la parte apelada hasta el 7 de enero de 2026 para presentar su alegato en oposición. En cumplimiento, la parte apelada presentó su *Oposición a la Expedición de la Apelación*[26] el 6 de enero de 2026. Con la comparecencia de las partes, procedemos a resolver.

**II**

### *A. Certiorari*

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023), que cita a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders et al. v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida

---

[25] Sistema Unificade de Manejo y Administración de Casos en el Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1.
[26] SUMAC TA, a la Entrada Núm. 3.

dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). Particularmente, en cuanto al *certiorari* para revisar dictámenes interlocutorios del foro primario, en su parte pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […] 32 LPRA Ap. V, R. 52.1.

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari.* En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente. Superada esta etapa, analizamos si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari.* Como es conocido, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000). Finalmente, es norma reiterada que al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Service Sta., supra*, a la pág. 745.

**III**

En el caso ante nuestra consideración, el señor Alberto III Rullán nos plantea que el Tribunal de Primera Instancia incidió al declarar *No Ha Lugar* la moción de reconsideración que presentara. Sostiene, además, que erró al interpretar que las facultades delegadas al administrador judicial le

permitían intervenir en la gobernanza de Garaje Rullán, Inc., contratar representación legal, y obligar a la corporación al pago de honorarios; que Garaje Rullán, Inc. no requería ser emplazada o escuchada porque estaba "bajo tutela judicial"; y, al pasar por alto la alegada violación ética del Lcdo. Pedro Landrau, quien rindió informes y aceptó instrucciones del administrador judicial en lugar de la Junta de Directores de Garaje Rullán Inc.

Según señaláramos previamente, para determinar si debemos ejercer nuestra discreción y expedir un auto de *certiorari,* primero debemos dilucidar si el asunto ante nuestra consideración trata sobre alguna de las materias contenidas en la Regla 52.1 de Procedimiento Civil, *supra*. Así pues, es un hecho que la controversia que se nos plantea versa sobre alguna de las materias contenidas en la Regla 52.1, *supra*, pues se trata de la denegatoria por parte del Tribunal de Primera Instancia de una moción dispositiva. No obstante, aun cuando tengamos ante nuestra consideración un asunto de los comprendidos dentro de las materias expuestas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos realizar un segundo análisis para determinar si debemos expedir el recurso de *certiorari*. Nos corresponde analizar la controversia a la luz de los criterios enumerados en la Regla 40 de nuestro reglamento.

Evaluado el recurso ante nuestra consideración, y la totalidad del expediente conforme al derecho aplicable, concluimos que no se justifica nuestra intervención. Entendemos que no media ninguno de los criterios de la Regla 40, *supra*, que nos persuada a intervenir con la determinación que denegó la moción de reconsideración. Finalmente, es norma reiterada que al denegar la expedición de un auto de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.  A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la]

intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Service Sta., supra.*

Cónsono con lo anterior, luego de un ponderado y minucioso análisis del expediente que tuvimos ante nuestra consideración, entendemos que procede denegar la expedición del auto de *certiorari* solicitado.

**IV**

Por los fundamentos que anteceden, y en el ejercicio de nuestra discreción, denegamos la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones